533 N.E.2d 1020 (1989)
Larry R. VOSS, Appellant (Plaintiff below),
v.
REVIEW BOARD DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, John C. Mowrer, Chairman, Joe A. Harris, Member, Nanette L. McDermott, Member and Manville Building Materials Group, Appellee (Defendant below).
No. 93A02-8804-EX-131.
Court of Appeals of Indiana, Second District.
February 6, 1989.
Clyde Williams, Jr., Williams, DeLaney and Simkin, Richmond, for appellant.
Linley E. Pearson, Atty. Gen., Lisa A. McCoy, Deputy Atty. Gen., Indianapolis, for appellee.
*1021 SHIELDS, Presiding Judge.
Larry R. Voss appeals the determination of the Review Board of the Indiana Department of Employment and Training Services that he was discharged from his employment with Manville Building Materials Group for just cause. Voss attacks the Board's determination on three grounds:
1. The Board concluded that just cause for discharge exists based upon rule violations for which Voss was not discharged;
2. The Board's findings are not supported by the evidence; and
3. The Board's findings do not support its ultimate conclusion.
We affirm.

FACTS
In reversing the hearing referee's decision that Voss was not discharged for just cause, the Board found the following relevant facts:
The Claimant was employed on May 7, 1973, and was working as a flurry attendant when he was discharged October 2, 1987, for unauthorized use of the employer's telephone service.
In its business operation, the Employer provides for telephone communication between its several plants by an access code system. Access codes and related information was provided only to management personnel authorized to use the system.
Upon discovering abuse of the access code system, a notice was given to all employees explaining the restrictive use of the system. The notice further directed that all personal calls were to be made from pay phones on the premises.
* * * * * *
In the course of its investigation into improper use of the access code system, the Employer determined that the Claimant, although unauthorized to do so, used the system to place 190 calls including several to a Texas firm who quoted wagering odds on the outcome of sporting events.
The Claimant, when confronted, acknowledged that he had indeed made the calls, [and] that he was aware that the calls were prohibited... .
Record at 7.

DECISION

I.
Voss first argues the Board erred in concluding there was just cause for his discharge on grounds other than those for which he was discharged by his employer. We agree.
The undisputed evidence is that Voss was fired for "[e]xcessive, unauthorized use of the Corporate Phone System, and violation of Plant Rule 18 ... Date of Offense, May, 1987 through September, 1987... ." Record at ____. The Board's decision is in error to the extent it determined that any other basis existed for Voss's discharge. Manville gave Voss a written statement specifying the reason for his discharge. This proceeding arises from Manville's exercise of discretion based upon particularized reasons. Whether or not other grounds may have existed for Voss's discharge is irrelevant because Manville did not exercise its discretion to discharge Voss on those grounds and neither the Board nor this court can assume it would have done so. Thus the issue is whether the stated grounds for discharge have a basis in fact and constitute just cause. However, the Board also addressed Manville's stated reasons for discharging Voss. Therefore, while there is merit to Voss's argument, it is not grounds for reversal; rather we limit our review to those stated grounds.

II.
Voss argues the record is devoid of probative evidence supporting the Board's findings his use of his employer's telephone was unauthorized and excessive. In essence, he asks this court to reweigh conflicting evidence. We cannot and will not do so.
The Board's findings of fact are generally conclusive and binding upon this court. We may not reweigh the evidence and may only consider the evidence and *1022 reasonable inferences therefrom most favorable to the Board's decision. Only if reasonable persons would be bound to reach a different conclusion upon the evidence will we disturb the decision of the Board.
Winder v. Review Board (1988), Ind. App., 528 N.E.2d 854, 856 (citations omitted).
The evidence reveals Manville posted specific notices to its employees advising the employees that use of the company phones for personal reasons was prohibited. The second notice warned that the phones would be monitored to enforce compliance. Voss saw the notices. Use of the phone system required dialing access codes which were distributed only to employees who had business reasons for telephone access, although other employees, including Voss, discovered these codes. Further, Voss admitted he abused the company long distance phone system using two different access code systems and that he knew this was wrong. Record at 43. He further provided the two access code numbers he used and various phone numbers he called. This evidence supports the Board's determination Voss's use of his employer's telephone was unauthorized.
In addition, the determination that Voss's use was excessive is also supported by the evidence.
Ovidio Fernandez-Cuervo, Manager of Employee Relations, testified a company investigation revealed Voss made approximately one hundred and ninety (190) calls over a four week period. During the investigation, the corporate lines were monitored and conversations taped. Fernandez personally listened to tapes on which he was able to identify Voss as the caller.
Thus, the Board's findings that Voss's use of Employer's telephone system was both unauthorized and excessive is supported by the evidence.

III.
For his final asserted error, Voss argues the Board's conclusion he was discharged for just cause is contrary to law. He argues his unauthorized, excessive telephone calls were not unreasonable and, therefore, do not constitute just cause.
We have determined the Board's findings that Voss was fired for his unauthorized and excessive use of Manville's corporate telephone system are supported by the record. The unauthorized use of an employer's property constitutes a "breach of duty in connection with work which is reasonably owed an employer by an employee," one of the statutory grounds for discharge for just cause under IC XX-X-XX-X(d)(8) (1988). However, the Board addressed Manville's stated reason as a violation of Rules 10 and 16 which prohibited unauthorized taking of company property and dishonesty rather than in breach of duty language. Nevertheless, due to the subject matter of Rules 10 and 16, the Board's conclusion necessarily is also a conclusion Voss breached a duty he reasonably owed as an employee to Manville. In other words, the ultimate conclusion that Voss was discharged for the willful violation of Rules 10 and 16 is an ultimate conclusion the prohibited breach occurred.
Further, that conclusion is not contrary to law despite Voss's argument that his violation was not willful because it was reasonable in that he used the telephone to call his wife. In fact, the evidence is Voss used the phone for other purposes including calls to "Dallas Sports Line, [and] Sports Pick, which are places where you get gambling information," according to information Voss gave his employer. Record at 41.
In any event, "willful" in this context refers to deliberate conduct. Wakshlag v. Review Board (1980), Ind. App., 413 N.E.2d 1078. The reasonableness of Voss's telephone calls is not relevant to the unquestionable deliberateness of Voss's specifically prohibited and excessive conduct.
JUDGMENT AFFIRMED.
SULLIVAN and STATON, JJ., concurs.