**In The Matter of Melvin BURNETT, Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, John C. Mowrer, Joe A. Harris, and Nanette L. McDermott as members of and as constituting the Review Board of the Department of Employment and Training Services, Indianapolis Fruit Company, Appellees.**

**No. 93A02–8805–EX–204.**

Court of Appeals of Indiana, Second District.

Feb. 5, 1990.

Charles D. Hankey, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellees.

SULLIVAN, Judge.

Melvin Burnett appeals the decision of the Review Board of the Indiana Department of Employment and Training Services that he was discharged from his employment with Indianapolis Fruit Company for just cause. We reverse.

Burnett presents two issues for our review which we restate as follows:

(1) Whether the determination of discharge for good cause is erroneous in the light of employer's stated reason for discharge.

(2) Whether the evidentiary hearing was unfair and prejudicial.

Burnett was employed by Indianapolis Fruit Company as a driver. His duties included delivering produce and collecting checks from customers for deliveries made C.O.D. One of the checks that Burnett collected and gave to his employer was returned by the bank for non-sufficient funds. The check was then returned to Burnett for continued collection efforts. Burnett was ultimately successful in collecting the check but failed to return either the check or the money on the date the money was collected or on the following day. Jim Goens, the superintendent of operations for Indianapolis Fruit Company, confronted Burnett about the check. After receiving an unsatisfactory response, Goens discharged Burnett. Burnett was told that he was discharged for failing to turn in the cash amount for the check that he had collected.

The deputy determined that Burnett had been discharged for just cause because of Burnett's failure to deliver the money he had collected to his employer. Burnett appealed the deputy's decision and a hearing was held before a referee. At the hearing, Goens testified that Burnett was fired over the incident involving the check as well as for tardiness and sniffing glue on the job. Burnett objected to the testimony relating to tardiness and glue sniffing because he was told he was fired over the check and no other reasons were disclosed to him. The referee found that Burnett was discharged for not promptly turning in the money he collected on the check, for reporting to work high, and for unsatisfactory attendance at work. The referee then concluded that Burnett was discharged for just cause. The referee's findings and conclusions were adopted in toto by the Review Board.

■ Burnett first argues that the decision is contrary to law in that the Board determined that Burnett was fired for just cause but utilized bases other than and in addition to the one stated to him as the reason for discharge. We agree.

The undisputed evidence shows that Burnett was told he was discharged for failure to return money he had collected on a check. The deputy's "Determination of Eligibility" contains the following language: "Employer states claimant was discharged for theft and failure to deliver due funds." Record at 20. No mention was made concerning tardiness or being high on the job. The Determination of Eligibility form executed by the Deputy set forth in pertinent part as follows:

| SOURCE OF INFORMATION | |
|---|---|
| ☐ Form 501 | ☒ Employer's Letter |
| ☒ Employer's Statement | ☒ Claimant's Statement |
| ☐ Other, describe | |

| IN ACCORDANCE WITH IC 1971, 22-4 | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 14-2 | ☐ 14-6 | ☒ 15-1 | ☐ 15-4 | ☐ 16-1 |
| ☐ 14-3 | ☐ 14-7 | ☐ 15-2 | ☒ 15-6 | ☐ |

CIRCUMSTANCES OF CASE

Employer states claimant was discharged for theft and failure to deliver due funds. As route driver he was instructed to return an NSF check to a customer and collect the cash balance. Two weeks later he had not yet delivered the money which the customer claimed was paid to the claimant. No charges were filed against the claimant.
The claimant denies stealing any money. Owed to the employer was a balance of $63.15; and the claimant had collected $45.00. He had been instructed to thold the money until he gathered the entire debt.

CONCLUSION OF DEPUTY
The claimant was not discharged for gross misconduct in connection with the work. He denies the act of stealing and the employer has filed no charges. No disqualification under Chapter 15-6.
The claimant was discharged for just cause. His failure to deliver the blance of the debt owed the employer was contrary to the interests of the employer.

Disqualified." Record at 20.

---

Finally the "Notice of Appeals Referee Hearing" states that the issue to be heard is "[w]hether the employer discharged the claimant for just cause. Chapter 15–1." [1] Record at 22. There can be no dispute therefore that the employer's *stated* ground for discharge at all times prior to the evidentiary hearing was Burnett's failure to return the money he collected to his employer.

The issue of "stated cause" was clearly and specifically set forth as the basis of Burnett's appeal to the Review Board:

"Identification of the cause of separation as being both attendance problems and sniffing glue is irrelevant and untimely. Both are erroneous because they were not initially identified by employer as causes of separation; neither were they acted upon by employer at the time of incident." Record at 3.

Without further notice or hearing, the Board on the day following receipt of the Request for Appeal entered its decision.

To the extent the Board's determination rested on grounds for discharge other than the stated grounds, it is in error. *Hehr v. Review Board of Indiana Employment Security Division* (1989) 2d Dist. Ind.App., 534 N.E.2d 1122; *Voss v. Review Board Department of Employment and Training Services*, (1989) 2d Dist. Ind.App., 533 N.E.2d 1020. The Review Board is permitted to consider only "whether the *stated* grounds for discharge have a basis in fact and constitute just cause." *Voss, supra*, 533 N.E.2d at 1021.

Appellee directs our attention to the line of Indiana cases which hold that the Board has wide latitude to determine issues and hear theories not heard by the referee or deputy. *See, e.g., Trigg v. Review Board of Indiana Employment Security Divi-*

---

1. In his brief, Burnett argues that he received insufficient notice of the issues. The notice of issues given in the "Notice of Appeals Referee Hearing" is so broad as to bring it into constitutional question. However, since we reverse and limit the Board to the stated ground for discharge of which Burnett in fact had notice, we do not decide whether the notice in this case was constitutionally deficient.

*sion* (1983) 3d Dist. Ind.App., 445 N.E.2d 1010; *Forster v. Review Board of Indiana Employment Security Division* (1981) 4th Dist. Ind.App., 420 N.E.2d 1287; *Ervin v. Review Board of Indiana Employment Security Division* (1977) 173 Ind.App. 592, 364 N.E.2d 1189. These cases may be reconciled with *Voss, supra,* and *Hehr, supra.* It is true that the Review Board is not limited by the findings of the referee or the evidence presented at the hearing before the referee. An appeal to the Board removes the entire claim to the Board, and the Board acts independently upon the evidence before it. *Ervin, supra,* 364 N.E.2d 1189. *Voss* and *Hehr,* however, hold that the Board may not investigate issues which go beyond the stated grounds for discharge. Therefore, although the Board is not limited to the evidence and issues considered by the referee, it is limited to the evidence and issues associated with the stated grounds for discharge.

Although the stated ground for discharge in this case was investigated at the hearing, the conclusion made by the referee and adopted by the Review Board was that Burnett was discharged for just cause based on "[r]efusing to obey instructions and unsatisfactory attendance." Record at 95. We cannot conclude from the record or the decision of the Review Board that had the Board confined itself to solely the stated ground for discharge, it would have determined that Burnett was fired for "just cause" sufficient to disqualify him from unemployment benefits. Therefore, we must reverse and remand to the Review Board with instructions to review the evidence presently of record to determine if the stated ground for discharge was sufficient to constitute just cause for discharge within the meaning of I.C. 22–4–15–1 (Burns Code Ed.Repl.1986).

Burnett also argues that the hearing before the referee was unfairly and prejudicially conducted because the referee never admonished, reminded or informed Burnett of his right to be represented by counsel at the hearing. If Burnett is correct in his assertion, we would be required to remand for a new hearing. We, therefore, address his argument.

■ Due process does require "some form of procedure reasonably calculated to provide notice to employers and claimants of the right to be represented [by counsel] at evidentiary hearings conducted by the Employment Security Division." *Berzins v. Review Board of Indiana Employment Security Division* (1982) Ind., 439 N.E.2d 1121, 1123. In this case, the "Notice of Appeals Referee Hearing" contained the following advisement:

"REPRESENTATION: The parties are entitled to be represented at the hearing.... Claimants may be represented by: themselves, an attorney, a recognized public accountant, or an authorized agent of any bonafide labor organization. Representation will be at the expense of the parties involved." Record at 23.

Burnett admits in his brief that he received the Notice, but argues that this advisement was insufficient. We hold that the advisement given to Burnett in the Notice was reasonably calculated to inform him of his right to be represented at the hearing. It was not error for the referee to proceed with the hearing without a further advisement.

Because the Board failed to confine its review to the stated ground for discharge, we reverse the Board's decision and remand this cause to the Board to review the evidence presently of record and determine if the stated ground for discharge constituted just cause under I.C. 22–4–15–1. Should either party, thereafter, desire another appeal, the appellate proceedings shall commence anew. We do not retain jurisdiction. *Barnett v. Review Board of Indiana Employment Security Division* (1981) 2d Dist. Ind.App., 419 N.E.2d 249.

SHIELDS, P.J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent for the reason that Burnett was properly discharged upon stated grounds which have a basis in fact and were duly proven. *Voss v. Review Bd.*

*Dept. of Emp. & Tr.* (1989), Ind.App., 533 N.E.2d 1020. The other grounds of tardiness and glue sniffing should be treated as surplusage.

I would affirm.