**Donald D. STONER, Appellant,**

v.

**The REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, and DAR Group Investments (Russell's), Appellees.**

No. 93S02–9105–EX–402.

Supreme Court of Indiana.

May 23, 1991.

Lawrence L. Grimes, Noffsinger, Price & Bradley, Evansville, for appellant.

Bradley J. Salmon, Lacey Terrell Annakin Heldt & Baugh, Evansville, for appellees.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

Appellant appealed the decision of the Review Board which denied him unemploy-

ment compensation on the ground that he had been discharged for cause.

The Court of Appeals, in an unpublished opinion, reversed that decision, 560 N.E.2d 1279. We grant transfer, reverse the Court of Appeals, and reinstate the decision of the Board.

■ The facts are: Appellant was employed as Regional Manager for DAR Group Investments. On April 7, 1989, appellant spoke with C.D., an employee, about a change she had made in the employee work schedule. Later, while speaking with the store manager concerning the same matter, appellant stated in a loud voice that could be heard by C.D. and other employees that C.D. was a "slut" and that by changing the schedule she would "slut around on company time."

On April 10, appellant was discharged because of the language he used and the public manner in which it was disseminated. Appellant then filed for unemployment insurance benefits. Upon hearing the facts in the case, the Board ruled that appellant's discharge was for cause and thus denied benefits.

Appellant takes the position that the decision of the Board should be reversed because in addition to the language used by appellant as described above the Board also implied that appellant should not have approached C.D. directly but should have gone through channels and further that the Board referred to the office where appellant made his remarks as "a public place." There is no question but what appellant was discharged because of the language he used in describing C.D. nor is there any question but what that language was used in an office from which it was heard by several employees including C.D. Whether the Board was technically correct that the office was a "public place" is beside the point. The fact is the statements were transmitted to C.D. and her fellow employees.

■ The fact that the Board impliedly relied in part upon appellant's failure to go through channels is of no moment. This Court through its trial rules, *see* Ind.Trial Rule 52 and Ind.Trial Rule 61, has stated repeatedly that a court on appeal shall not set aside the findings or judgment unless they are clearly erroneous.

In *Thornton v. Pender* (1978), 268 Ind. 540, 550, 377 N.E.2d 613, 620, this Court stated:

> "A court on appeal will affirm the trial court's decision if it is sustainable upon any theory."

As pointed out by Judge Sullivan in his dissenting opinion in the case at bar, the language used by appellant and the manner in which it was used was clearly in evidence and relied upon by the Board in making its decision. The fact that the Board also made findings and conclusions which were extraneous does not invalidate their decision. Their decision in fact is supported by the evidence in this case.

The majority opinion cited *Burnett v. Dept. of Emp. & Train. Serv.* (1990), Ind. App., 550 N.E.2d 78, to support its decision. The opinion in *Burnett* appears to be directly in conflict with the Court of Appeals' opinion in *Voss v. Review Bd. Dept. of Emp. & Tr.* (1989), Ind.App., 533 N.E.2d 1020.

In *Voss*, the Court of Appeals determined that while it was erroneous for the Board to consider evidence unrelated to the stated grounds for discharge, the Board's decision would be affirmed if stated grounds supported that decision. To the extent that *Burnett* is in conflict with *Voss* and is in conflict with the decision rendered in the opinion of the case at bar, *Burnett* is overruled.

Transfer is granted; the Court of Appeals majority opinion is set aside; and the decision of the Review Board is affirmed.

---

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

Here, the district store manager reviled an employee of one of his stores while addressing the manager of that store. He

was fired for his choice of language on this single occasion. There is no evidence that he was fired for his choice of place and circumstance in which to use the language. The Review Board's decision was incorrect in basing its decision in part upon his choice of place and circumstance because such choice was beyond the stated grounds for discharge. *Voss v. Review Bd. Dept. of Emp. & Training Ser.* (1989), Ind.App., 533 N.E.2d 1020. I agree with the majority of the Court of Appeals that the decision of the Review Board should be reversed and the cause remanded for the Board to consider whether this manager's choice of abusive language on but a single occasion is just cause for termination.