**Richard L. BUTLER, Appellant (Claimant Below),**

v.

**REVIEW BOARD OF THE INDIANA DE-PARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Mable Martin-Scott, Chairperson, George H. Baker, Member, and Mark T. Robbins, Member and Cardinal Communications, Appellee (Employer Below).**

No. 93A02–9307–EX–360.

Court of Appeals of Indiana, Fourth District.

April 27, 1994.

---

Thomas M. Frohman, Jamie Andree, Legal Services Organization of Indiana, Bloomington, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Cardinal Communications, Inc., pursuant to its policy allowing it to require employees who appear impaired to submit to drug and/or alcohol testing, fired employee Richard Butler after he appeared to be intoxicated at work and refused to submit to a blood alcohol test. Butler applied for unemployment benefits which were denied. The Review Board concluded that, *inter alia*, Butler knowingly violated a reasonable and uniformly enforced rule and thus was discharged for just cause under Ind.Code 22–4–15–1(d)(2). We address whether: (1) the Review Board may cite grounds other than the grounds relied upon by Cardinal in denying unemployment benefits; (2) Cardinal's drug and alcohol testing policy is reasonable; and (3) Butler knowingly violated Cardinal's rule.

We affirm.

### FACTS

Butler was employed as a technician for Cardinal, a cable television company, and was responsible for making service calls which required him to drive Cardinal vehicles. Cardinal had a written employee policy which provided in pertinent part:

[a]ny employee who appears impaired and unable to completely perform their job due to drug or alcohol use may be required to undergo immediate drug and/or alcohol testing. A positive test for drug or alcohol use may result in immediate discharge based on the results of the tests.

R. at 53. Butler stipulated that he received a copy of these rules.

On January 8, 1993, at approximately 9:30 a.m., Senior Technician Tony Guffey observed that Butler's eyes were glazed and bloodshot, his speech was slurred, his breath smelled of alcohol, and that he was not conducting himself as he normally would. Frank Beach, another employee, testified that Butler's eyes were glazed and that he looked "haggard in appearance." Guffey explained to Butler that he seemed to be impaired and asked Butler to accompany him to the local hospital in order to take a blood alcohol test. Butler admitted that he had been drinking the night before, refused to submit to a blood alcohol test, but stated that he would take a breathalyzer test. Guffey informed Butler that under Company policy his refusal to take the blood alcohol test would merit dismissal. Guffey testified at the hearing that this rule was uniformly enforced and that the reason for the rule was to insure that employees would not be impaired while driving a company vehicle.

The Board denied Butler unemployment benefits based on the following pertinent findings of fact and conclusions of law:

Findings of Fact: The Review Board adopts and incorporates by reference thereto the findings of fact of the Administrative Law Judge except to the extent inconsistent with this decision and as modified herein.

\* \* \* \* \* \*

Conclusions of Law: The Administrative Law Judge found that there was no testimony that the Claimant appeared impaired or unable to completely perform his job duty. That finding is not supported by the record as a whole or the Administrative Law Judge's findings of fact. "Under the influence" had been interpreted to mean "when one has an impaired condition of

thought and action and, to a marked degree, the loss of the normal control of one's faculties." *Alcoa v. Review Board* (1981), Ind.App., 426 N.E.2d 54, at 60. The testimony of the Employer's witnesses establishes that the Claimant's faculties were impaired. His speech was slurred, his eyes were glazed and he smelled of alcohol. He refused to take a test that could have exculpated him.

\* \* \* \* \* \*

Among the definitions of just cause contained in Ind.Code 22–4–15–1(d) are the following:

> (2) knowing violation of a reasonable and uniformly enforced rule of an employer;
>
> (5) refusing to obey instructions;
>
> (6) reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on the employer's premises during work hours;
>
> (7) conduct endangering safety of self or coworkers;

The employer had just cause to discharge claimant under each and every provision of Ind.Code 22–4–15–1(d) cited above.

R. at 6, 7. The relevant Administrative Law Judge's findings not inconsistent with Review Board's decision were that there was an employer rule to which the claimant was subject, and that the rule was reasonable and uniformly enforced. R. 60.

### DECISION

■ At the outset, Butler maintains that the Board cannot uphold Butler's discharge on grounds other than those relied upon by the employer, Cardinal. He is correct. In *Voss v. Review Board Department of Employment and Training Services* (1989), Ind. App., 533 N.E.2d 1020, 1021, the employer discharged the claimant for excessive, unauthorized use of the company telephone. The Board denied unemployment benefits based on that, and other grounds. Judge Shields, writing for the majority, held that this court is constrained to review whether the Board's findings support the employer's stated reasons for discharge:

[the employer] gave [the claimant] a written statement specifying the reason for his discharge. This proceeding arises from [the employer's] exercise of discretion based on particularized reasons. Whether or not other grounds may have existed for [the claimant's] discharge is irrelevant because [the employer] did not exercise its discretion to discharge [the claimant] on those grounds and neither the Board nor this court can assume it would have done so. Thus the issue is whether the *stated* grounds for discharge have a basis in fact and constitute just cause.

*Id.* at 1021 (emphasis in original). Therefore, we are confined to the review of whether Cardinal, who believed that Butler was impaired due to the use of alcohol, had just cause to discharge Butler for refusing to submit to a blood alcohol test.

■ To establish a *prima facie* showing of just cause for termination the employer must show that the claimant: (1) knowingly violated; (2) a reasonable; and (3) uniformly enforced rule. *Hehr v. Review Board of the Indiana Employment and Security Division* (1989), Ind.App., 534 N.E.2d 1122, 1125. After the employer has met his burden, the claimant must present evidence to rebut the employer's *prima facie* showing. *Russell v. Review Board of the Indiana Department of Employment and Training Services* (1992), Ind.App., 586 N.E.2d 942, 948. The determination of whether an employer had just cause to discharge an employee for purposes of determining the employee's eligibility for unemployment compensation is a question of fact for the Board to determine in each case on its particular facts. *Id.* The Board's decision regarding all questions of fact is conclusive if supported by the evidence. *Id.* On appeal from a denial of unemployment benefits, the claimant bears the burden of showing error. *Id.* at 947.

■ Butler claims Cardinal's rule is unreasonable because it did not provide that: 1) the test results would be kept confidential, and 2) the test would be confined to the determination of Butler's blood alcohol content. Concerning his first contention, Butler relies on a body of case law involving governmental action, thereby resting his claim on

the assertion that Cardinal's rule invades his Constitutional right of privacy. In *Texas Employment Commission v. Hughes Drilling Fluids* (1988) Tex.App., 746 S.W.2d 796, *reh'g. denied,* the employer fired an employee for refusing to submit urine samples as required by its policy. Unemployment benefits were denied and the employee claimed the employer's policy was unreasonable because it impermissibly required him to forfeit his Fourth Amendment protection against unreasonable searches and seizures and invasion of privacy. The court first discussed the fact that the employee was an "at-will" employee and that the employee, by continuing to work for the employer with full notice of the employer's policy constituted acceptance of the terms of the policy as a condition of his continued employment. *Id.* at 799. On the Constitutional question, the court stated:

> Historically, the Supreme Court has consistently limited the application of the Fourth Amendment to governmental intrusion. For example, it has long been held that things, contraband or not, seized by a private citizen from another as the fruits of an intrusion or search, which if done by the government would violate the very essence of the Fourth Amendment, are nevertheless admissible into evidence to convict the owner or former possessor thereof of a crime. [citations omitted].

*Id.* at 801. Because the employee had notice of the employer's policy, there was no state action involved, and the policy was dedicated to removing drug abusers from the private sector work place, the employer's policy was reasonable. *Id.*

Because the present case also does not involve state action, Butler's Fourth Amendment right to be free from unreasonable searches is not implicated. He cites no case law nor statutory authority which requires a private employer's drug and alcohol testing policy to include a confidentiality provision. Butler does not raise, and thus we need not address, whether the non-governmental action impermissibly infringed upon Butler's state constitutional rights.

■ Thus, the issue remains whether Cardinal met its burden in demonstrating that its rule—whether Cardinal may require an employee to submit to drug and/or alcohol testing if the employee appears to be impaired due to drug or alcohol use—is reasonable. Cardinal representative Guffey testified that the purpose behind the rule was that Cardinal simply cannot allow its employees to drive in a company vehicle while impaired. Clearly, a private employer has a right to insure that its workers are drug and alcohol free while on the job. Thus, Cardinal met its burden to demonstrate that its rule was reasonable. Although Butler informs us that the rule is unreasonable because "it is common knowledge that a blood test can reveal not only a person's blood alcohol level but also evidence of any number of diseases and other conditions which the person would choose to keep between himself and the physician," Appellant's brief at 13, he provided no evidence to support his contention. Butler failed to provide any evidence that a *blood alcohol test* would have disclosed anything but his *blood alcohol level,* and thus failed to rebut Cardinal's *prima facie* showing.

Next, Butler contends that Cardinal failed to show that he knowingly violated the rule. He claims that there was no evidence that he knew that Cardinal could fire him if he refused to submit to *a blood test* "when the employer's only concern was that he might be intoxicated on alcohol." Appellant's brief at 18. Thus, Butler takes issue with the *type* of test Cardinal choose, rather than claim that he did not have notice that refusing a drug or alcohol test would result in dismissal. Butler's approach is not persuasive.

■ Under Cardinal's rule, if Butler appeared to be impaired due to drug or alcohol use, Cardinal could require Butler to submit to drug and/or alcohol testing. Although the phrase "drug and/or alcohol tests" encompasses a wide variety of tests, Cardinal believed Butler to be under the influence of alcohol and, in attempting to verify their suspicions, requested that he take a *blood alcohol* test. Clearly, this test would be appropriate in determining whether Butler was under the influence of alcohol. Although Butler attaches significance to his volunteer-

ing to take a breathalyzer test, this court does not.

Affirmed.

SHARPNACK, C.J., and CHEZEM, J., concurring.