Robert E. PARKISON, Appellant–Claimant,

v.

**JAMES RIVER CORPORATION and Review Board of the Indiana Department of Employment and Training Services, Appellees–Employer.**

No. 93A02–9506–EX–360.

Court of Appeals of Indiana.

Jan. 12, 1996.

Jamie Andree, Thomas M. Frohman, Legal Services Organization of Indiana, Bloomington, for appellant.

Pamela Carter, Attorney General, Sabra A. Weliever, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

KIRSCH, Judge.

The Review Board of the Indiana Department of Workforce Development (Board), found that Robert E. Parkison was discharged for just cause from the James River Corporation (James River). Parkison raises one issue on appeal which we restate as follows:

Whether the Board erred by going beyond the employer's stated reason for Parkison's discharge?

We reverse.

## FACTS AND PROCEDURAL HISTORY

Parkison was employed as an extruder helper by James River since August 11, 1987. In 1993, James River implemented a no-fault attendance policy which the Administrative Law Judge (ALJ), noted in his findings:

"[A]n employee is charged a full absence if he is more than 2 hours late, if he leaves work for more than 2 hours and then returns to work or if he leaves his work station more than one hour prior to the completion of his shift.... If an employee is less than 2 hours late he is tardy and if he leave [sic] less than one hour before the end of his shift his [sic] counted as leaving early. An absence counts as one full occurrence, a tardy or a leaving early counts as ⅓ an occurrence. Three occurrences within any 60 day period is considered excessive and unsatisfactory. Employees are given a verbal warning on the first occurrence, on the second occurrence a written warning, and on the third occurrence they are given a disciplinary action. That action is not defined but the employer by practice has always placed the employee on probation with the condition that if there are any other violations while they are on probation they would be discharged. In determining what step will be imposed the employer goes back 12 months and if there was any disciplinary action during that entire 12 months the next level is imposed."

*Record* at 74–75. After implementation of this policy, Parkison had numerous instances where he was absent, tardy, or left work early. Consequently, Parkison received a series of verbal and written warnings concerning his attendance record.

On November 30, 1994, James River sent Parkison a written warning placing him on a ninety-day probation. In the letter, James River warned Parkison, "If, during the next 90 days, you are late, leave early, or have any further absences, your employment with James River will be terminated." *Record* at 55. On February 6, 1995, the sixty-fifth day of his probation, Parkison arrived late to work due to a power outage in his area. James River terminated Parkison's employment the same day. James River's termination letter stated, "Today, you [Parkison] were eight minutes late in reporting to work. Unfortunately, this is a violation of your probation and grounds for termination per the attendance policy." *Record* at 54.

Following his discharge, Parkison filed for unemployment benefits. James River opposed Parkison's application, claiming that he was discharged for just cause. The ALJ ruled James River's attendance policy was unreasonable, but examined Parkison's attendance record and found that he was discharged for just cause under the Indiana Employment Security Act.[1] Parkison then appealed to the Board. The Board adopted the ALJ's findings of fact and conclusions. This appeal followed.

## STANDARD OF REVIEW

■ When reviewing the Board's decision, this court accepts the factual findings as conclusive and binding. *Best Lock Corp. v. Review Bd.* (1991), Ind.App., 572 N.E.2d 520, 522. We then determine whether the Board's decision is supported by substantial evidence of probative value. In so doing, we neither reweigh the evidence nor reassess witness credibility, and we consider only the evidence most favorable to the Board's decision. *Stepp v. Review Bd.* (1988), Ind.App., 521 N.E.2d 350, 353.

■ With respect to a question of law, however, this court is not bound by the Board's interpretation, and we review to determine whether the Board correctly interpreted the law and correctly applied the applicable law. *Pazzaglia v. Review Bd.* (1993), Ind.App., 608 N.E.2d 1375, 1376.

## DISCUSSION AND DECISION

Parkison contends the Board erred in concluding he was discharged for just cause after examining his attendance record. He

---

1. *See* IC 22–4–15–1(d)(3).

claims the Board erred when it went beyond James River's stated ground for his termination. We agree.

In *Voss v. Review Bd.* (1989), Ind.App., 533 N.E.2d 1020, 1021, the employer terminated Voss and stated the reason as unauthorized use of the company telephones. The Board upheld his denial of unemployment benefits based on that and on other reasons. In our holding, we restricted the scope of our review, and that of the Board, to whether the employer's stated grounds for discharge are supported by the Board's findings:

"Whether or not other grounds may have existed for [Voss'] discharge is irrelevant because [the employer] did not exercise its discretion to discharge [Voss] on those grounds and neither the Board nor this court can assume it would have done so. Thus the issue is whether the *stated* grounds for discharge have a basis in fact and constitute just cause."

*Id.* at 1021. *See also Butler v. Review Bd.* (1994), Ind.App., 633 N.E.2d 310, 312 (followed *Voss* and confined its review to whether the employer's stated reason was supported by the Board's findings); *Hehr. v. Review Bd.* (1989), Ind.App., 534 N.E.2d 1122, 1124 (denial of unemployment benefits must be premised upon the employer's stated grounds for discharge).

■ In the case at bar, the Board adopted the ALJ's conclusion that James River's attendance policy was unreasonable:

"The employer's rule does not provide for long term illnesses and by making the level of discipline to be imposed depended [sic] upon the last disciplinary action imposed within the last year the employer exposes the claimant to risk for almost 2½ years for absences. In addition, an employee could be discharged for having as few as 4 occurrences of absenteeism in the last year without any provision for excusing necessary absences."

*Record* at 76. We agree with the Board's assessment of James River's attendance policy. An employer rule that subjects employees to termination for both excused and unexcused absences is unreasonable under IC 22–4–15–1(d)(2). *Love v. Heritage House Convalescent Center* (1983), Ind.App., 463 N.E.2d 478, 482;[2] *contra Jeffboat Inc. v. Review Bd.* (1984), Ind.App., 464 N.E.2d 377, 380 (employer plan is not per se unreasonable if some excused absences may be counted toward a maximum limit of absences in a year).

■ Having found James River's policy to be unreasonable, the Board should have limited its focus to whether Parkison's tardiness on February 6, 1995, was just cause for termination, because that was James River's stated reason for discharge. *See Voss*, 533 N.E.2d at 1021. The Board erred in going beyond James River's stated reason for Parkison's discharge.

■ This does not end our inquiry, however; we must still determine whether James River's stated grounds for discharge have a basis in fact and constitute just cause. Here, the Board made a factual finding that there was a power outage in Parkison's neighborhood on February 6, and that he was eight minutes late to work. It can be argued that these findings create the inferences that Parkison's tardiness on February 6 resulted from the power outage and was excusable. Such inferences are supported by the fact that the Board did not find such tardiness constituted just cause for termination, but rather did so from an examination of Parkison's entire attendance record. We cannot conclude as a matter of law, however, that Parkison's tardiness on February 6 was excusable and did not constitute just cause. For this reason, we remand this case to the Board for such determination.

Reversed and remanded.

SULLIVAN and FRIEDLANDER, JJ., concur.

---

2. We note the many factual similarities between the present case and *Love*. *Love* is distinguishable from the case at bar, however, because the employer in *Love* cited several reasons for the claimant's discharge in addition to her numerous absences: chronic tardiness, poor attendance record as a whole, and her overall lack of dependability. Here, the employer cited only to Parkison's tardiness on February 6, 1995, as the reason for discharge.