# FOR PUBLICATION



FILED

Apr 18 2012, 9:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DUSTIN STOHLER**
Law Office of Dustin Stohler
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALEBRO, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1110-EX-970 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT AND JASON SCHEIDELL, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

APPEAL FROM THE INDIANA DEPARTMENT OF
WORKFORCE DEVELOPMENT
Cause No. 11-R-04361

**April 18, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Alebro, LLC, appeals the decision of the Unemployment Insurance Review Board of the Indiana Department of Workforce Development ("Review Board") granting its terminated employee, Jason Scheidell, unemployment benefits. Alebro argues that the Review Board erred in failing to admit documents as evidence at the hearing, used the wrong burden of proof, and erred in allowing Scheidell to rebut Alebro's prima facie case of just cause for termination by arguing instead that he had committed a different terminable offense. We hold that if an employee's explanation for the behavior that led to his termination is another terminable offense, that provides just cause for termination. We therefore reverse.

## Facts and Procedural History

Alebro, LLC, is a retail seller of salt that employed Jason Scheidell from June 16, 2004, until June 20, 2011. Alebro had noticed for some time that it had been missing inventory, but it did not know why. In June 2011, a customer of Alebro, Mr. Adams, notified Alebro that Scheidell had offered to sell him what he claimed was his own salt at a price lower than that at which Alebro would sell it. Alebro instructed Mr. Adams to go through with the transaction, so Mr. Adams agreed to buy one pallet of salt from Scheidell for $150. The purchase took place at Alebro's warehouse at the far end of the loading dock.

Alebro fired Scheidell for theft, alleging that the salt that he sold to Mr. Adams was actually Alebro's missing salt. Scheidell filed for unemployment compensation and was denied. Scheidell appealed. The Administrative Law Judge (ALJ) conducted a

2

telephonic hearing, during which documents Alebro claimed proved the salt was its own were not admitted into evidence because proper procedure was not followed, specifically, Alebro did not send the documents to Scheidell before the hearing. Also, Scheidell attempted to rebut Alebro's prima face case of theft by admitting instead that he only breached his duty of loyalty to Alebro by selling salt on Alebro's property at a lower price than Alebro sold it for, another terminable offense. The ALJ reversed, determining that Scheidell had not been terminated for just cause for theft. The ALJ did not consider that Scheidell's explanation for his behavior was an admission that he committed another terminable offense. The finding was upheld by the Review Board, which adopted the findings and conclusions of the ALJ.

Alebro now appeals.

**Discussion and Decision**

The Indiana Unemployment Compensation Act ("the Act") provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). When the Review Board's decision is challenged as contrary to law, the reviewing court is limited to a two-part inquiry into (1) the sufficiency of the facts found to sustain the decision and (2) the sufficiency of the evidence to sustain the findings of fact. Ind. Code § 22-4-17-12(f). Under this standard, courts are called upon to review: (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. *Chrysler Group, LLC v. Review Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 122 (Ind. 2012). The Review Board's findings of basic fact are subject to a

3

"substantial evidence" standard of review. *Id.* In this analysis, the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the Review Board's findings. *Id.* The Review Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. *Id.* Accordingly, they are typically reviewed to ensure that the Review Board's inference is "reasonable" or "reasonable in light of [the Review Board's] findings." *Id.* at 1318. Legal propositions are reviewed for their correctness. *Id.*

The Act was enacted to "provide for payment of benefits to persons unemployed through no fault of their own." Ind. Code § 22-4-1-1; *P.K.E. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 942 N.E.2d 125, 130 (Ind. Ct. App. 2011), *trans. denied.* An individual is disqualified for unemployment benefits if he or she is discharged for "just cause," Ind. Code § 22-4-15-1; *P.K.E.*, 942 N.E.2d at 130, which includes gross misconduct, Ind. Code § 22-4-15-6.1. As set forth in Indiana Code section 22-4-15-6.1,

> (b) "gross misconduct" means any of the following committed in connection with work, as determined by the department by a preponderance of the evidence:
>
> \*   \*   \*   \*   \*
>
> (5) Theft or embezzlement . . . .

When an employee is alleged to have been discharged for just cause, the employer bears the burden of proof to make a prima facie showing of just cause. *P.K.E.*, 942 N.E.2d at 130. Once the employer meets its burden, the burden shifts to the employee to rebut the employer's evidence. *Id.* Here, the ALJ found that Scheidell was not terminated for just cause for theft of Alebro's salt. The Review Board adopted the ALJ's findings and conclusions.

4

Alebro contends that the Review Board erred in determining that Scheidell was not properly terminated for just cause because: (1) the ALJ failed to admit documents into evidence that showed that Scheidell stole salt from Alebro; (2) the ALJ improperly put the burden of proof on Alebro to prove that Scheidell was ineligible for benefits; and (3) Scheidell attempted to rebut the allegation that he stole from Alebro by admitting instead that he only breached his duty of loyalty to Alebro, another terminable offense. We address each of these arguments in turn.

## I. Admission of Documents

Alebro contends that the ALJ erred in failing to admit into evidence certain documents showing that the salt sold by Scheidell belonged to Alebro. We disagree. The Indiana Administrative Code squarely addresses this issue, stating in relevant part:

> (d) When a hearing before an administrative law judge, or the review board, is scheduled by telephone, either with one (1) or both parties participating by telephone, the parties *shall*:
> > (1) *exchange any exhibits to be introduced into the record at the hearing*; and
> > (2) mail a copy of those exhibits to the administrative law judge, or to the review board, no later than four (4) days prior to the scheduled hearing date.

646 Ind. Admin. Code 5-10-24(d) (emphasis added).

Additionally, in the hearing instructions sent to both parties with the Notice of Hearing is a section concerning the admission of evidence. The instructions said, in relevant part:

> If you wish to have exhibits/evidence considered at your hearing, you must label each document with a letter or number, as well as your case number so the judge can easily refer to them. *You must confirm you have sent copies to the other party. Failure to do so may result in the judge refusing to allow them to be used or discussed at the hearing*.

Ex. 8-9 (emphasis added). It is clear that Alebro was required to send the documents in question to Scheidell before the telephonic hearing. Alebro failed to do so, and based on the rules of the hearing, the ALJ was acting well within his discretion when he properly refused to admit the documents into evidence.

## II. Burden of Proof

Alebro also contends that the ALJ improperly placed the burden of proof on Alebro to prove that Scheidell was ineligible for benefits. When an employee is alleged to have been discharged for just cause, the employer bears the burden of proof to make a prima facie showing of just cause. *P.K.E.*, 942 N.E.2d at 130. Once the employer meets its burden, the burden shifts to the employee to rebut the employer's evidence. *Id.* Alebro argues that the ALJ required it to initially prove its case against Scheidell instead of just providing a prima facie case of his theft. We disagree.

A review of the ALJ's decision shows that Alebro provided a prima facie case and Scheidell rebutted that case by claiming the salt was his. With no evidence to disprove Scheidell's claim as a result of certain documents being excluded from evidence, the ALJ found that Scheidell had sufficiently rebutted Alebro's prima facie case. Appellant's App. p. 6.

The ALJ did not require Alebro to first prove its case against Scheidell; it merely found that Scheidell provided enough evidence to rebut the prima facie case that Alebro presented without the documents that may have proved the theft. We therefore find that the ALJ did not place the wrong burden of proof on Alebro.

## III. Breach of Duty of Loyalty

Finally, Alebro contends that Scheidell is ineligible for benefits because he attempted to rebut the allegation that he stole salt from Alebro by admitting instead that he only breached his duty of loyalty to Alebro by selling salt on Alebro's property cheaper than Alebro did, another terminable offense. We agree.

Scheidell argues that our review is limited to Alebro's stated grounds for discharge, in this case, theft. *See Voss v. Review Bd. of Dep't of Emp't and Training Servs.*, 533 N.E.2d 1020, 1021 (Ind. Ct. App. 1989). In *Voss*, Voss was fired for unauthorized and excessive use of the company phones for personal phone calls. *Id.* The Review Board found that Voss was terminated for just cause, but considered other grounds for his termination besides his unauthorized and excessive use of the company phones. We held that the Review Board's decision was "in error to the extent it determined that any other basis existed for Voss's discharge," and that our review of his unemployment benefit denial was confined solely to his employer's stated grounds for termination. *Id.*

While we agree that *Voss* limits the scope of the review that may be conducted, we must limit the breadth of *Voss* so that we do not create illogical and absurd results. The rule in *Voss* limits the scope of unemployment-benefit hearings to the stated offense or offenses that were the reason for terminating an employee. The reasoning of *Voss* is so employees are not surprised with additional allegations that were not charged. Put differently, the policy reason behind *Voss* is fair notice of the allegations so the employee may defend against them. In that sense, *Voss* is a logical limitation on unemployment-

7

benefit hearings. However, the reasoning of *Voss* is no longer applicable when an employee defends his behavior against a stated offense by admitting another terminable offense. He no longer requires the protection of fair notice because he is the one setting forth the allegations of his terminable offenses, not his employer. To do otherwise would allow an employee to turn the shield of *Voss* into a sword, using his own terminable offenses to obtain undeserved unemployment benefits. This would turn *Voss* on its head and accomplish the opposite of what the holding in *Voss* is designed to do.

In this case, Scheidell denies that the salt that he sold to Mr. Adams was Alebro's salt; instead, he claims it was his own. Since the documents that may have showed that the salt was Alebro's were excluded from evidence, Alebro cannot refute Scheidell's claim. However, Scheidell's refutation of theft included an admission that he sold the salt on Alebro's property at a lower price than Alebro sold it for, a clear breach of duty reasonably owed to his employer.

The Indiana Administrative Code defines a breach of duty reasonably owed to an employer, in relevant part, as:

conduct which establishes that the claimant:

\* \* \* \* \*

> (3) chose a course of action that the claimant knew, or should have known, would negatively impact the employer's financial interests;
> (4) demonstrated an intentional or substantial disregard for the employer's interests;
> (5) intentionally or knowingly injured, or attempted to injure, the employer's financial interests;
> (6) intentionally chose a course of action that pitted the claimant's interests against the employer's interests to the detriment of the employer; . . . .

8

646 Ind. Admin. Code 5-8-6(b). Scheidell breached the duty he reasonably owed to Alebro by undercutting its price for salt and selling to one of its customers. Scheidell acted contrary to Alebro's financial interests and stole one of its customers, a blatant violation of his fiduciary duty to Alebro.

We therefore find that Scheidell's explanation for the theft alleged by Alebro was another terminable offense. Because we limit the holding in *Voss*, we hold that the Review Board erred in finding Scheidell eligible for unemployment-insurance benefits.

Reversed.

BRAFORD, J., concurs.

CRONE, J., concurs with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | )  No. 93A02-1110-EX-970 |
| | ) |
| REVIEW BOARD OF THE INDIANA | ) |
| DEPARTMENT OF WORKFORCE | ) |
| DEVELOPMENT and J.S., | ) |
| | ) |
| Appellees. | ) |

**CRONE, Judge, concurring**

I fully concur in the majority's reasoning and result, but I write separately to express my disagreement with its disclosure of the full names of both the unemployment claimant and the employer in what I believe to be a contravention of Indiana law.

Indiana Administrative Rule 9(G)(1) says, "The following information in case records is excluded from public access and is confidential: … [(b)](xviii) All records of the Department of Workforce Development as declared confidential by Ind. Code § 22-4-19-6." Indiana Code Section 22-4-19-6 says,

> Except as provided in subsections (d) and (f) [which are not relevant here], information obtained or obtained from any person in the administration of this article and the records of the department relating to the unemployment tax or the payment of benefits is confidential and may not be published or

10

be open to public inspection in any manner revealing the individual's or the employing unit's identity, except in obedience to an order of a court or as provided in this section.

Ind. Code § 22-4-19-6(b). Finally, Administrative Rule 9(G)(4)(d) says,

Orders, decisions, and opinions issued by the court on appeal shall be publicly accessible, *but each court on appeal should endeavor to exclude the names of the parties and affected persons, and any other matters excluded from public access,* except as essential to the resolution of litigation or appropriate to further the establishment of precedent or the development of the law.

(Emphasis added.)

As I said in my concurring opinion in *S.S. LLC v. Review Board of Indiana Department of Workforce Development*, 953 N.E.2d 597 (Ind. Ct. App. 2011), I do not see how the foregoing provisions "can be read to allow the disclosure of the full names of unemployment claimants and employers in decisions issued by this Court." *Id.* at 607 (Crone, J., concurring). Our supreme court's recent decision in *Recker v. Review Board* has not changed my mind.

In that case, the court "acknowledge[d] that the identities of the claimant and employing unit are generally subject to the confidentiality requirements prescribed in Indiana Code Section 22-4-19-6(b)" as "expressly implemented as to judicial proceedings by Indiana Administrative Rule 9(G)(1)(b)(xviii)." *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, No. 93S02-1105-EX-285, 2011 WL 6848389, at *1 n.4 (Ind. Dec. 29, 2011). The court then said that Administrative Rule 9(G)

further provides, however, that when information excluded from public access is presented in court proceedings open to the public, "the information shall remain excluded from public access *only* if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively

11

requests that the information remain excluded from public access." Adm. R. 9(G)(1.2) (emphasis added).

*Id.* The court went on to say,

> The decisions of the ALJ and the Review Board in this case were each expressly labeled as a "Confidential Record" pursuant to Indiana Code Section 22–4–19–6. Appellant's App'x at 2, 5. In the course of this appeal, the Appellee's Appendix filed by the employer was identified as "Confidential," but the Appellant's Appendix filed by the employee was not so labeled, and it disclosed her full name. Both the claimant-appellant and the Board-appellee used only initials to identify the claimant in their briefs, but the briefs of both revealed the identity of the employer. Neither the claimant, the employer, nor the Review Board, made any affirmative request pursuant to Administrative Rule 9(G)(1.2) to continue the exclusion from public access the identities and information confidential under the statute and rule. Pursuant to Administrative Rule 9(G)(1.2), in light of the absence of an affirmative request for continued confidentiality of the identities of the employee and the employing entity, we fully identify the parties. As to the facts of the case that derive from the records of the Department and are discussed in this opinion, we deem such information to be public as essential to the resolution of the litigation and appropriate to further the establishment of precedent and the development of the law. Adm. R. 9(G)(3) and 9(G)(4)(d).

*Id.*

The *Recker* court's rationale for disclosing the parties' identities omits a critical component of Administrative Rule 9(G)(1.2), which reads in its entirety as follows:

> During court proceedings that are open to the public, when information in case records that is excluded from public access pursuant to this rule *is admitted into evidence*, the information shall remain excluded from public access only if a party or a person affected by the release of the information, prior to or contemporaneously with its introduction into evidence, affirmatively requests that the information remain excluded from public access.

(Emphasis added.) Because appellate courts do not conduct trials or evidentiary hearings and thus do not admit "information in case records … into evidence," I fail to see how Administrative Rule 9(G)(1.2) can be used to justify the disclosure of parties' identities in

12

unemployment cases for the first time on appeal. Until the relevant provisions of Administrative Rule 9(G) are amended by our supreme court, I intend to continue to use initials in unemployment cases that I write.[1]

---

[1] In the even more recent case of *Chrysler Group, LLC v. Review Board of Indiana Department of Workforce Development*, 960 N.E.2d 118 (Ind. 2012), our supreme court elected to identify the individual claimant by initials but identified the employer by name because it saw "little merit in attempting to conceal the identity of a global automotive manufacturer that faced a massive economic collapse in 2008 and whose initials are 'C.G.'" *Id.* at 121 n.1. No such considerations are at play here.