**M & J MANAGEMENT, INC., Appellant,**

v.

**REVIEW BOARD OF the DEPARTMENT OF WORKFORCE DEVELOPMENT,** Sandra K. Schaeffer, Appellees.

No. 93A02–9810–EX–830.

Court of Appeals of Indiana.

May 24, 1999.

· Byron L. Myers, Ryan McCabe Poor, Ice Miller Donadio & Ryan, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

Appellant, M & J Management, Inc. ("M & J"), appeals the decision of the Unemployment Insurance Review Board (the "Board"), finding that M & J employee, Sandra Schaeffer ("Schaeffer"), had voluntarily left her employment with good cause and was entitled to unemployment benefits. We reverse and remand.

### Issues

M & J presents several issues for our review, which we have consolidated and restated as follows: whether the Board's determination that Schaeffer voluntarily terminated her employment with good cause was reasonable.

### Facts and Procedural History

M & J operates several apartment communities. M & J had a written policy that its employees were to refrain from relationships

with tenants and considered a violation of that policy or failure to report or enforce the policy a serious offense. Schaeffer was a District Manager with M & J, and knew about the policy and that a violation of the policy could result in termination. In the spring of 1998, M & J discovered that an employee in one of their communities was dating a resident and that the Property Manager of the community was aware of the relationship, but failed to enforce the policy or report the violation. Both the employee and the Property Manager were discharged. On June 8, 1998, M & J spoke with Schaeffer to inform her of the Property Manager's discharge, and Schaeffer admitted that she, too, knew about the relationship, but did not report it because she disagreed with the rule. Schaeffer then left her employment with M & J.

Schaeffer applied for unemployment benefits. A Deputy of the Indiana Department of Workforce Development determined that the "[i]nformation provided does not establish that [Schaeffer] quit.... [N]o penalty is imposed under these circumstances." R. 38. M & J appealed the Deputy's determination of eligibility, and a hearing was held before an administrative law judge. The ALJ made the following findings of fact and conclusions of law:

It is the finding of this hearing officer that the facts of the matter and the conclusions of law are as follows:

— that [Schaeffer] was employed by [M & J] for approximately 9 years as a district manager.

— that [Schaeffer] voluntarily left employment.

— that the circumstance which gave rise to the separation occurred when [Schaeffer] was approached by the owner concerning an employee who was in violation of an [M & J] policy.

— that [M & J] manages a residential complex.

— that the residential complex is open to the general public.

— that [M & J] had a policy which prohibited any employee from dating any resident at the complex.

— that [Schaeffer] was aware that an employee was dating a resident.

— that [M & J] learned of the situation and approached [Schaeffer] and inquired why she failed to report the violation of the policy.

— that [Schaeffer] responded that she did not enforce the policy because she "disagreed" of [sic] the policy because she felt it was a violation of the personal rights of the individuals involved.

— that [M & J] responded that if she was not able to enforce the policy of [M & J] and, if she disagreed with the policy of [M & J], she should not continue employment.

— that [Schaeffer] thereafter, voluntarily left employment.

— that the representative of [M & J] appears before this hearing officer and acknowledges the existence of the rule.

— that the representative of [M & J] presents to the hearing officer no specific reason for the existence of the rule.

Initially, the hearing officer would note that upon voluntary separation, an employee has the burden of proof of establishing "good cause" for separation before he or she is eligible for benefits. "Good cause" has been defined by the courts to mean; (1) that the reason for leaving employment is such that a reasonable, prudent person, under similar circumstances would quit; (2) that the reason for leaving is "objectively" related to the job. Here, noting the above cited definitions, and the above cited findings, it is the determination of this hearing officer as follows:

— that [Schaeffer] voluntarily left employment.

— that [Schaeffer] was required by [M & J] to enforce an [M & J] policy.

— that [Schaeffer] refused to enforce the policy because she felt it was unreasonable.

— that [M & J] presents no evidence to this hearing officer establishing good cause for the policy.

— that [Schaeffer] left employment rather than enforce an unreasonable policy.

— that a reasonable, prudent person, under similar circumstances would of [sic] left employment.

— that [Schaeffer], therefore, established good cause for leaving employment.

— that [Schaeffer] is, therefore, entitled to benefits under the Act.

*DECISION* : The initial determination of the deputy's [sic] hereby affirmed. If otherwise eligible, appropriate benefits are herein granted.

R. 42–43. M & J then appealed to the Board, which affirmed the decision of the ALJ, incorporating the ALJ's findings and conclusions. R. 9. M & J now appeals the determination that Schaeffer voluntarily left her employment for good cause and is entitled to unemployment benefits.

### Discussion and Decision

█ We begin by noting our standard of review of agency decisions. The Indiana Unemployment Compensation Act provides that "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." Ind.Code § 22–4–17–12(a). Indiana Code section 22–4–17–12(f) provides that when the Board's decision is challenged as contrary to law, the reviewing court is limited to a two-part inquiry into the "sufficiency of the facts found to sustain the decision" and the "sufficiency of the evidence to sustain the findings of facts." Under this standard, we are called upon to review (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. *McClain v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind.1998).

█ Review of the Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id.* In this analysis, we neither reweigh the evidence nor assess the credibility of witnesses and consider only the evidence most favorable to the Board's findings. *General Motors Corp. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 671 N.E.2d 493, 496 (Ind.Ct.App.1996). We will reverse the decision only if there is no substantial evidence to support the Board's findings. *KBI, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 656 N.E.2d 842, 846 (Ind.Ct.App.1995).

█ The Board's determinations of ultimate facts involve an inference or deduction based upon the findings of basic fact and are typically reviewed to ensure that the Board's inference is reasonable. *McClain*, 693 N.E.2d at 1317–18. We examine the logic of the inference drawn and impose any applicable rule of law. *Id.* at 1318. Some questions of ultimate fact are within the special competence of the Board, and it is therefore appropriate for us to accord greater deference to the reasonableness of the Board's conclusion. *Id.* However, as to ultimate facts which are not within the Board's area of expertise, we are more likely to exercise our own judgment. *Id.*

█ Finally, we review conclusions of law to determine whether the Board correctly interpreted and applied the law. *Parkison v. James River Corp.*, 659 N.E.2d 690, 692 (Ind.Ct.App.1996). In sum, basic facts are reviewed for substantial evidence, conclusions of law are reviewed for their correctness, and ultimate facts are reviewed to determine whether the Board's finding is a reasonable one. *McClain*, 693 N.E.2d at 1318. The amount of deference given to the Board turns on whether the issue is one within the particular expertise of the Board. *Id.*

M & J contends that the Board's decision is contrary to law in several respects: Schaeffer failed to carry her burden of proving that she voluntarily left her employment with good cause; the Board failed to make the necessary findings of fact to support the determination that Schaeffer voluntarily left her employment with good cause; because the Board found that Schaeffer voluntarily left her employment in a dispute over her obligation to enforce M & J's rule against employee-tenant relationships, the Board improperly considered the reasonableness of the rule; and the Board improperly placed the burden of proving the reasonableness of its rule on M & J.

█ An employee is disqualified from collecting unemployment compensation if the

employee has left employment voluntarily "without good cause in connection with the work...." Ind.Code § 22–4–15–1(a). The question of whether an employee voluntarily terminated employment without good cause is a question of fact to be decided by the Board. *Indianapolis Osteopathic Hosp. v. Jones*, 669 N.E.2d 431, 433 (Ind.Ct.App. 1996). The employee has the burden of establishing that the voluntary termination of employment was for good cause. *Id.* The employee must show that: (1) the reasons for leaving employment were such as to impel a reasonably prudent person to terminate employment under the same or similar circumstances; and (2) the reasons are objectively related to the employment. *Id.* This second component requires that the employee show her reasons for terminating employment are job-related and objective in nature, excluding reasons which are personal and subjective. *Lofton v. Review Bd. of the Ind. Employment Sec. Div.*, 499 N.E.2d 801, 802 (Ind.Ct. App.1986).

Initially, we would note that, in the proceedings before the ALJ, Schaeffer contended that she had been discharged and M & J contended that she had quit in a dispute over M & J's employee-relationship-with-resident policy. The ALJ, and subsequently, the Board, found that Schaeffer had voluntarily quit, and this finding is not disputed here. Thus, Schaeffer had the burden of proving that she left her employment for good cause. *See Indianapolis Osteopathic Hosp.*, 669 N.E.2d at 433.

Schaeffer testified before the ALJ that she knew about M & J's policy prohibiting employee relationships with residents, that she did not believe it was her responsibility to enforce the policy or to report a violation, and that she disagreed with the policy because she "did not see where it was a concern in, in the way [an employee] did her job." R. 29–32. An employee of M & J testified that when Schaeffer was informed by M & J's owner that a Property Manager had been discharged for failure to report a violation of the policy, Schaeffer indicated that she disagreed with the policy. The owner asked how she could work for someone

with whose policies she did not agree, and Schaeffer responded that she "guess[ed] she couldn't ... and she got up and left." R. 36.

Schaeffer's reasons for leaving her employment with M & J were subjective, not objective. She *personally* disagreed with M & J's policy. She *personally* would not discharge an employee under her supervision for violating the policy. She did not introduce any evidence other than her own personal opinion to show that M & J's policy was unreasonable or that it was without good cause. Thus, Schaeffer failed to carry her burden of proving that her reasons for leaving M & J were objectively related to her employment there,[1] and the Board's finding that she had voluntarily left her employment for good cause and was entitled to unemployment benefits is contrary to law. We therefore reverse and remand with instructions that Schaeffer's application for unemployment compensation be denied.

Reversed and remanded.

SHARPNACK, C.J., and DARDEN, J., concur.

---

1. In fact, as pointed out by M & J in its brief, the

Board failed to make a finding to this effect.