**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Feb 14 2012, 10:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ANDREW DUTKANYCH III**
**WILLIAM M. KROWL**
Biesecker Dutkanych & Macer
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KATHLEEN T. MERCIER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1107-EX-719 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and HSS SYSTEMS, INC. | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 11-R-2359

**February 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-petitioner Kathleen T. Mercier appeals the decision of the Review Board of the Department of Workforce Development (Review Board) that Mercier was discharged from her position as registrar at a hospital for just cause. Mercier contends that she was improperly denied unemployment benefits because the evidence established that she had no notice that her actions that involved the cutting and pasting of patient information, including the patient's signature, onto a release for treatment or consent form were improper because one of her supervisors had allegedly engaged in the same conduct without any consequences.

Concluding that the Review Board properly discharged Mercier for just cause and denied her unemployment benefits, we affirm.

## FACTS

Mercier began working for HSS, a regional hospital in Terre Haute, on November 3, 2003. As the hospital registrar, Mercier was responsible for registering patients, calculating benefits, verifying insurance information, and obtaining the patients' necessary consent for treatment at the hospital.

On November 29, 2010, Mercier's team leader, Cathy Hayworth, issued Mercier an "error" for failing to obtain the signature, initials, and the date of an admitted patient on a consent form. Appellant's App. p. 6-7. Thereafter, Mercier accessed the hospital's computer system and recognized that the patient in question had previously been admitted to the hospital. Mercier noted that at the time of the previous admittance, the

2

patient had fully executed a release for treatment. Mercier copied the authorization from the previous consent form, cut out the patient's signature, affixed it to the blank consent form, and copied the form to make it appear as though the patient had signed the original consent form. Mercier claimed that Hayworth told her that she "herself often previously [had] taken these actions whenever she had discovered missing signatures on other documents." Id. at 9-10, 13-14, 16-17.

Mercier informed the Quality Assurance Team Leader at HSS that she corrected the problem. However, Mercier was subsequently discharged from her position by the hospital's patient access director because of her actions in pasting the signature of the patient from one form onto the other.

Mercier applied for unemployment benefits and a claims deputy determined that Mercier had not been discharged for just cause and was eligible for unemployment benefits. Thereafter, an Administrative Law Judge (ALJ) affirmed the deputy's decision regarding Mercier's entitlement to unemployment benefits. However, on June 21, 2011, the Review Board reversed the ALJ's decision and determined that Mercier was discharged for just cause and was, therefore, not entitled to unemployment benefits. The Review Board relied on the provisions of Indiana Code section 22-4-15-1(d)(9), finding that Mercier committed a breach of duty "in connection with work which is reasonably owed an employer by an employee." More particularly, the Review Board determined that

3

A reasonable employee would understand that copying a patient's signature, cutting it out to fit onto a blank consent form and taping it into position, and then copying the form to make it clear that the patient had signed the document was a violation of the patient's rights and could cause the employee's termination from employment.

Appellee's App. p. 2. Mercier now appeals.

## DISCUSSION AND DECISION

In accordance with Indiana Code section 22-4-17-12(a), the Indiana Unemployment Compensation Act provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. When the Review Board's decision is challenged as contrary to law, we are limited to a two-part inquiry into the "sufficiency of the facts found to sustain the decision" and the "sufficiency of the evidence to sustain the findings of facts." I.C. § 22-4-17-12(f). Under this standard, we are called upon to review: (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. McClain v. Rev. Bd. of the Ind. Dep't of Workforce Dev., 693 N.E.2d 1314, 1317 (Ind. 1998).

Review of the findings of basic fact is subject to a "substantial evidence" standard of review. Id. In this analysis, we neither reweigh the evidence nor assess the credibility of witnesses and consider only the evidence most favorable to the Board's findings. General Motors Corp. v. Rev. Bd. of the Ind. Dep't of Workforce Dev., 671 N.E.2d 493, 496 (Ind. Ct. App. 1996). We will reverse the decision only if there is no substantial

4

evidence to support the Review Board's findings. KBI, Inc. v. Rev. Bd. of the Ind. Dep't of Workforce Dev., 656 N.E.2d 842, 846 (Ind. Ct. App. 1995).

In short, we review the Review Board's findings regarding basic facts for "substantial evidence," ultimate facts for "reasonableness," and conclusions of law for correctness. M & J Management, Inc. v. Rev. Bd. of the Ind. Dep't of Workforce Dev., 711 N.E.2d 58, 61 (Ind. Ct. App. 1999).

In this case, while Mercier argues that the record is devoid of any evidence demonstrating that her actions were unreasonable, she admitted that when she was notified that she had failed to obtain the patient's signature, she cut and pasted a previous signature from the patient to the consent form that was missing the signature. Tr. p. 20. Mercier acknowledged her receipt of the hospital's policies and procedures regarding patient consent, and she admitted that its policy does not condone forging a patient's consent. Id. at 10. The hospital's policy manual—that had been supplied to Mercier— stated more than once that if patient consent could not be obtained, treatment could not be rendered "unless it is an emergency." Tr. p. 19; Ex. 12, 14-15.

Here, Mercier misrepresented on the hospital's documents that a patient had consented to treatment, and there was no showing that an emergency existed. One can certainly foresee that such conduct would have exposed the hospital to liability had the patient's treatment gone awry. For all these reasons, the Review Board reasonably concluded that Mercier breached a duty owed to the hospital and was discharged from her employment for just cause. See Hehr v. Rev. Bd. of the Ind. Employment Sec. Div., 534

5

N.E.2d 1122, 1126 (Ind. Ct. App. 1989) (recognizing that no reasonable employee could sincerely believe that he or she was entitled to falsify patient consent forms without consequences).

Finally, we note that while Mercier argues that the Review Board failed to consider evidence that one of her supervisors had allegedly engaged in the same conduct without any consequences from HSS, the Review Board did not ignore this evidence. Rather, it found Mercier's self-serving testimony "non-credible." Appellee's App. p. 2. In other words, the Review Board apparently determined that Mercier's testimony that she could falsify a patient consent form because there allegedly had been an instance of it in the past by another employee was not credible. Appellee's App. p. 1-2.

Mercier has failed to demonstrate that the Review Board's credibility finding should be disturbed. In essence, Mercier is asking us to reweigh the evidence and judge the credibility of the witnesses, which we will not do. McHugh v. Rev. Bd. of the Ind. Dep't of Workforce Dev., 842 N.E.2d 436, 440 (Ind. Ct. App. 2006).

The judgment of the Review Board is affirmed.

DARDEN, J., and BAILEY, J., concur.

6