**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 06 2012, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MAURY DUSENDSCHON**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAURY DUSENDSCHON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1104-EX-525 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and TALX UC EXPRESS, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 11-R-1459

**September 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

Maury Dusendschon appeals the decision of the Unemployment Insurance Review Board of the Indiana Department of Workforce Development ("the Board") denying his request for unemployment insurance benefits. We affirm.

ISSUE

Dusendschon raises one issue, which we restate as: whether the Board's decision is supported by sufficient evidence.

FACTS AND PROCEDURAL HISTORY

Talx UC Express, which does business as Aldi, hired Dusendschon on March 23, 2010 to work as an assistant store manager/cashier. On October 12, 2010, Dusendschon told several managers he was resigning and signed a written voluntary resignation form. The form had a space for Dusendschon to explain the reasons he was resigning, but he left it blank. He subsequently filed for unemployment benefits. A deputy denied Dusendschon's request, and he appealed. An administrative law judge ("ALJ") determined that he voluntarily left work for good cause and was eligible for benefits. The Board vacated that decision and remanded for a new hearing because the hearing's recording "was not saved in a reviewable format." Appellant's App. p. 5. On remand, a different ALJ presided over the hearing and determined that Dusendschon did not resign for good cause and was not entitled to unemployment benefits. The Board affirmed the ALJ's decision. This appeal followed.

Our review of the Board's findings is subject to a "substantial evidence" standard of review. *Davis v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 488, 492 (Ind. Ct. App. 2009). Thus, we neither reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the Board's decision. *Id.* We will reverse the decision only if there is no substantial evidence to support the Board's findings. *Id.*

An employee who voluntarily leaves employment without good cause in connection with the work is not entitled to unemployment benefits. Ind. Code § 22-4-15-1(a) (2009). The determination of whether an employee quit for good cause is a question of fact for the Board. *Davis*, 900 N.E.2d at 492. Furthermore, it is the employee's burden to establish that he quit for good cause. *Id.* Thus, the employee must demonstrate:

> (1) the reasons for leaving employment were such as to impel a reasonably prudent person to terminate employment under the same or similar circumstances; and (2) the reasons are objectively related to the employment.

*Best Chairs, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 895 N.E.2d 727, 730 (Ind. Ct. App. 2008) (quoting *M&J Mgmt., Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 711 N.E.2d 58, 62 (Ind. Ct. App. 1999)).

Here, Dusendschon told the ALJ that his reasons for resigning were as follows: (1) at the time he was hired, he expected full-time work, but he frequently worked as little as twenty hours per week; (2) he was transferred to another store against his wishes; and

(3) he was frequently not allowed to take breaks, in violation of the employee handbook. However, the evidence most favorable to the Board indicates that Aldi did not guarantee Dusendschon full-time work at the time of hire. To the contrary, Dusendschon's supervisor, Jon Harvey, promised him only a minimum of twenty hours of work per week, which was the necessary amount for Dusendschon to qualify for Aldi's health insurance and other benefits. When Dusendschon asked for more hours, Harvey transferred him to the other store because Harvey thought he would have opportunities to work more hours there. Finally, Harvey reviewed Dusendschon's time cards for the two weeks before Dusendschon resigned. He discovered one day on which Dusendschon did not get an entire break, but Aldi paid Dusendschon for the lost break time pursuant to company policy.

Based on this evidence, we cannot conclude that Aldi was so unfair or unreasonable in its treatment of Dusendschon that his reasons for quitting would impel a reasonably prudent person to terminate employment under the same or similar circumstances. *See Best Chairs*, 895 N.E.2d at 732 (determining that the employer's involuntary transfer of an employee to a different department was necessary to ensure that the employee had the opportunity to continue full-time employment and did not constitute unjust or unreasonable treatment); *Wasylk v. Review Bd. of Ind. Emp't Sec. Div.*, 454 N.E.2d 1243, 1247 (Ind. Ct. App. 1983) (determining that an employee lacked good cause to quit, even though his hours were cut, because he had not been promised a specific schedule of hours at the time of hire).

Dusendschon asserts that at the time of hire Harvey repeatedly promised him a full-time job and that he was frequently denied breaks. This assertion is a request to reweigh the evidence, which we cannot do.

## CONCLUSION

For the reasons stated above, we affirm the Board's decision.

Affirmed.

RILEY, J., and CRONE, J., concur.